HEATH v. BLAKE.

1. The alteration of a note in a material part without a fraudulent intent, as, in this case, by increasing the rate of interest, and making it joint instead of several, avoids the note; but a mortgage securing such note is not thereby avoided, and may be enforced. The signature to a mortgage of an additional name and an additional witness is not a material alteration of the mortgage itself.

2. A widow is entitled to dower in land covered by a mortgage notwithstanding her claim to a partial assignment to herself of the mortgage debt.

3. An error in a decree, afterwards corrected by consent in a subsequent decree, cannot be made a ground of appeal.

4. A statement of debits and credits was made, and a note and mortgage given to secure the balance as stated. Afterwards, the creditor entered on this note a credit as of a date prior to its execution. *Held*, that the credit should have been allowed as a payment by the debtor, as of the date of the credit.

5. In action for foreclosure, decree for plaintiff should not be delayed to await the settlement of issues raised between co-defendants.

6. An issue was raised by the answer, but not supported by testimony. *Held*, that it need not be passed upon in the decree. MR. JUSTICE McIVER *dissenting*.

7. Decree affirmed, subject to a credit allowed defendant and deducted by the opinion of this court.

Before ALDRICH and NORTON, JJ., Chester, October, 1886, and July, 1887.

The decree of Judge Aldrich in this case was as follows :

The first question arising in this case is the validity of the note. After careful consideration of the evidence, I am satisfied that the alteration was an innocent transaction, under the mistaken notion that it could be done to secure further indulgence, and preserve the land mortgage. It vitiates the note, although no fraud was intended. But the mortgage executed to secure the debt has not been altered in any material particular, it describes the note accurately, the mortgage premises intended to secure the same, and as there was no fraud in the alterations, it may be resorted to, to establish the indebtedness it was intended to secure.

The next question is, are the defendants entitled to the two hundred dollar credit ? I do not think so. It is unreasonable to suppose that two men of mature age, accustomed to business, should, after conference as to what was due, employ a merchant to make calculations, draw a note and mortgage for nine hundred dollars, and neglect to give a credit of two hundred dollars on the very debt intended to be secured. The two hundred dollar receipt is of older date than the sealed note and mortgage. That credit cannot be allowed.

The other question in the case, as to the dower, is easily disposed of. The widow cannot get the benefit of the mortgage and her dower also.

It is ordered, adjudged, and decreed, that it be referred to the master, or, if there be no master, to the clerk of the court as special referee, to enquire and report the amount due on the mortgage, according to the principles herein announced. Let a decretal order be prepared, confirming the said report foreclosing the mortgage and forwarded to me for signature.

The exceptions to this decree were as follows :

1. Because it decides that the mortgage has not been altered in any material particular.

2. Because it decides that the mortgage as altered may be resorted to, to establish the indebtedness it was intended to secure, when the only indebtedness it was intended to secure was a sealed note, accurately described in the mortgage, which · sealed note is adjudged by the decree to have been vitiated and made void by alterations therein.

3. Because it did not hold that the alterations in the sealed note and mortgage to secure its payment were constructively fraudulent as to the minors and other defendants not knowing of it, and therefore void as to them.

4. Because it disallows the credit of $200.00 claimed by defendants and acknowledged as just by the plaintiff intestate in his life-time.

5. Because it decides that the widow F. J. B. Blake's right to dower is contingent upon her renouncing her rights under the mortgages she holds.

6. Because it does not decide that F. J. B. Blake is entitled unconditionally to dower in the premises.

7. Because the decree does not decide that the alterations made vitiated and made void the whole claim set up by plaintiff June 13, 1887.

8. That the judge has not found and inserted in his decision the facts proven on which said decision is based.

9. That the decision is totally defective in not finding the fact bearing on all the issues made in the action and announcing therein his conclusions of law on all the issues.

Upon the report of the referee ascertaining the amount due on the several claims, Judge Norton filed the following decree :

The complaint in this action alleges that Joshua Blake mort-

gaged the real estate therein described to D. R. S. Blake to secure a loan of $900, evidenced by a sealed note; that the mortgagor and mortgagee are both dead; that the defendants are heirs at law of the former, and the plaintiff the administrator of the latter; and that only five payments, aggregating $423.85, have been made on the said debt.

The minor defendants raise an issue that the lien of the mortgage has been destroyed and the debt cancelled by an alteration in the sealed note which evidenced the debt; and the defendant, Fannie J. B. Blake, has raised only two issues with plaintiff: 1st. That as widow she is entitled to dower in said real estate in preference to plaintiff's mortgage; and, 2nd. That said mortgage debt is entitled to other credits—specifying in evidence only one other for $200. The defendant, Fannie J. B. Blake, in addition to the issue on dower in which her co-defendants are interested, raises with them (assuming that they will join issue) three other issues, to wit: 1. That four of the credits alleged by the plaintiff on this mortgage debt were not payments, but were payments by her on a contract to purchase said note and mortgage. 2. That she is the owner of a judgment for $157.72 and interest against her husband, which is a junior lien on said real estate. 3. That she is the owner of a second mortgage on said real estate for $264.85 and interest.

Judge Fraser, in July, 1886, ordered a reference "to take the testimony bearing upon the issues raised herein." On hearing the testimony so taken, Judge Aldrich decreed that there was an alteration which destroyed the validity of the sealed note, but not of the debt and mortgage; that the two hundred dollar credit should not be allowed; that the widow cannot get the benefit of the mortgage and her dower also; and orders a reference to compute amount due on the plaintiff's mortgage according to these principles with a view to foreclosure. To this decree defendants filed seven exceptions, and, by consent of plaintiff's attorney in open court, two others were added. The first seven were served with a notice of appeal to the Supreme Court. The whole are now used as a basis for a motion before me under section 290 of the Code for a *new trial*. The 1st, 2nd, 3rd, 4th, 5th, 6th, and 7th exceptions allege erroneous findings by the decree. The 8th

alleges that the judge has not set out the facts on which the decision is based; and the 9th, that all the issues of law and fact have not been passed upon.

In regard to the first eight, it is sufficient to say that "one Circuit Judge cannot review the decision of another." In this action doubtless section 290 of the Code does clothe me with power to grant a new trial on a proper cause appearing, but it does not seem proper for me to grant it, even then, where the parties have given notice of appeal and excepted ( *Wait Ann. Code*, 500 c.); nor could I, if sitting as an appellant court, grant the motion in the 9th exception.

All of the issues between the plaintiff and the defendants, or either of them, have been disposed of by the decree. Some of the issues between, or that may be between, the defendants among themselves have not been disposed of, but I think that is immaterial. Section 296 of our Code merely authorizes, but does not require, the judgement "to determine the ultimate rights of the parties on each side as between themselves." Our Circuit Court rules from ·52–54 seem to contemplate no interest in a foreclosure suit but the plaintiff's until after judgment and sale, when the rights of other lienors are provided for ; and construing their section, in the same words as our section 296, the N. Y. Court of Appeals says, "It cannot authorize the rendition of a judgment in favor of one defendant against another when the former has asserted no claims against the latter in pleading, or by cross-action, and has tendered him no issue, and the complaint did not apprise him that a demand of his co-defendant would be urged against him." *Tracy* v. *N. Y. Steam Faucet Company*, 1 *E. D. Smith*, 349, cited in 2 *Clint. Dig.*, p. 1853, ¶ 41.

· Applying that principle here, we see that the complaint deals solely with plaintiff's debt and mortgage and gives no intimation of Mrs. Blake's demands against her co-tenants, that no order to serve her answer on her co-tenants has been made, and that they have no legal notice of her demands, nor is there any evidence of progress in that direction. How·long ought a plaintiff after establishing his rights against all of the defendants to wait for them to begin to adjust equities among themselves ?

The defendants who have answered, construing the decision in

reference to dower to be that the defendant, Fannie J. B. Blake, cannot have it, unless she renounce her interest under the mortgages she holds, assert that it should have held that she was unconditionally entitled thereto. The plaintiff in open court consents to a decree giving her dower unconditional preference to his mortgage. From the views above expressed it follows that such concession operates to give the preference as against him, but it will place the dower (whether in land or money) in the hands of the court to be administered between the defendants as shall be deemed equitable on further proceedings to be had hereunder for that purpose.

The plaintiff having proceeded under Judge Aldrich's decree to have the amount due on his mortgage debt computed and the clerk having reported the sum of $989.82 due thereon, June 30, 1887, and the plaintiff now moving for a foreclosure of his said mortgage—

It is ordered, adjudged, and decreed : I. That a writ in dower in the usual form do issue    *    *    *    that such admeasurement or assessment be without prejudice to the rights of her co-defendants herein, and subject to the usual incidents of exceptions and appeal by the plaintiff, as to value and amount.

II. If dower be allotted in kind, that the remainder in fee after the expiration of the estate for the life of the said Fannie J. B. Blake, in the part so allotted, together with the present fee in all of the balance of the real estate described in the complaint, be sold.    *    *    *

III. If a sum of money be assessed in lieu of dower, the said clerk shall retain, out of the proceeds of sale, in his hands, and deposit according to law, subject to the further order of this court, a sum equal to the sum assessed in lieu of dower, and the costs of setting up the dower. But if dower be allotted in kind, then said clerk shall only retain costs as aforesaid—which sum of money assessed in lieu of dower and costs, or costs only, as the case may be, shall be held as prior and preferred to the debt of the plaintiff.

IV. That said clerk do pay out of said proceeds as a second lien thereon the costs of the plaintiff and the minor defendants.

V. That said clerk do pay as a third lien on said proceeds the

sum of $989.82 with interest from June 30, 1887, to the plaintiff or his attorney.   *    *    *

XI. That the dower allotted to Mrs. Fannie J. B. Blake as aforesaid, whether consisting of a life interest in land or a sum of money assessed in lieu thereof, and her costs in procuring the same, together with the surplus moneys, if any, arising on the sale herein ordered, be held by the clerk of this court until the adjustment of the rights of the defendants among themselves, and also the rights of any lienors, who may come in under rule 54 of the Circuit Court: and that any of said defendants have leave to apply immediately for an order directing such adjustment.

To this decree defendants excepted as follows:

1. Because it erroneously states that the only issue raised by the minor defendants was as to the lien of the plaintiff's mortgage and debt, when in law their answer raises every issue that can be made in their behalf.

2. Because it fails to state that the five adult children of deceased mortgagor answered, and what issues were raised by their answer.

3. Because his honor holds that "all the issues between the plaintiff and the defendants, or either of them, have been disposed of by the decree."

4. Because his honor did not hold that the answer of minor defendants was as much a denial of the widow's right of dower, and her right as a mortgage and judgment creditor, as it was of the plaintiff's debt and mortgage.

5. Because his honor did not hold that the order of reference, made after hearing the pleadings in the action, included the issues as to widow's right of dower, and as mortgage and judgment creditor, as well as plaintiff's alleged debt and mortgage; that the testimony taken thereunder shows that the parties so understood it; that the hearing before Judge Aldrich was upon all the issues, and that the alleged decree of Judge Aldrich, omitting to pass upon the widow's right to dower and her rights as a creditor, was equivalent to a mistrial, and that no judgment could be based on it.

6. Because his honor did not order a new trial.

*Mr. Giles J. Patterson,* for appellants.

*Mr. C. E. Spencer,* contra.

April 3, 1888.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The complaint in this case was filed to foreclose a mortgage on real estate, executed by one Joshua Blake, the husband of the defendant, Fannie J. B. Blake, and the father of the other defendants, to secure a certain sealed note for $900, payable to D. R. S. Blake by the said Joshua Blake, and bearing date February 24, 1878.   Both D. R. S. Blake and Joshua Blake, creditor and debtor, had died, and the action was brought by plaintiff, respondent, administrator of D. R. S. Blake, against the defendants, heirs at law of the said Joshua, upon whose estate no administration had been taken out.

The complaint alleged that after the death of the said Joshua the note had been altered by his widow, Fannie J. B. Blake, by the insertion of a different rate of interest, and by signing said note, and altering it so that it would read, "*we,*" instead of "*I,*" and that she had signed her name at the bottom of the mortgage in the presence of a witness who also signed it as witness; but these alterations were not made with any fraudulent intent, but for further indulgence.   It also alleged that the note was entitled to certain credits, that the mortgage had been duly recorded, and that the condition thereof had been broken, and a foreclosure, &c., was demanded.

Fannie J. B. Blake, the widow, answered separately.   Two minor defendants answered by *guardian ad litem;* and five of the adult defendants answered together.   The other defendants made default.   The widow admitted the allegations in the complaint generally, including the statement in reference to the alterations of the note and mortgage, but she claimed that the note was entitled to other credits than those mentioned, and she further claimed that certain of the credits were paid by her after the death of her husband, not, however, as payments, but as purchaser *pro tanto* of so much of the debt. She further claimed that she was the assignee of a certain judgment in favor of one Culp against her husband obtained in June, 1878, for $130.97,

with interest from June 18, 1878, with $26.75, costs; and also of a mortgage on the real estate made by her husband in January, 1880, to Whitesides & Marion, to secure $216.35, with interest from January 1, 1880, &c., and she claimed that she should receive payment for the credits mentioned, for the Culp judgment, and the Whitesides & Marion mortgage, alleging priority in favor of the Culp judgment over the plaintiff's mortgage. She also claimed dower. The minor defendants put in a formal answer; and the adults, admitting the allegations as to the death of D. R. S. Blake and Joshua Blake, creditor and debtor, denied each and every allegation contained in the other paragraphs of complaint as to the execution of the note, mortgage, &c.

The case was referred to the clerk of the court by his honor, Judge Fraser, to take the testimony bearing upon issues raised and to report the same to the next term of the court. This report come to a hearing before his honor, Judge Aldrich, who held that the alteration in the note had vitiated it, although no fraud was intended, but that the mortgage could still be enforced. He declined to allow a certain credit of $200, claimed by the defendants; and he refused the dower, saying that "the widow could not get the benefit of the mortgage and her dower also." He decreed nothing as to the widow's claim to be paid the amounts entered on the note by her after the death of her husband; nor did he adjudge anything as to the Culp judgment or the Whitesides & Marion mortgage, and he ordered a reference to inquire and report the amount due on the mortgage according to the principles of his decree, directing a decretal order to be prepared comprising the foreclosing of the mortgage, to be forwarded to him afterwards.

From this decree the answering defendants appealed, alleging error in the Circuit Judge because he had not vacated both mortgage and note on account of the alterations; that he erred in not allowing the credit of the $200, claimed; in not allowing the widow dower unconditionally; that he had not found and inserted in his decree the facts on which it was based, and that the facts bearing on all of the issues made should have been found, as well as the law on all of said issues.

At the next term of the court, the referee under the order of

Judge Aldrich having reported the amount due to the plaintiff, to wit, the sum of $989.82, June 30, 1887, and the amounts due the widow on the Culp judgment $237.31, and the Whitesides & Marion mortgage $251.87, the case came up before his honor, Judge Norton, when the defendants made a motion for a new trial, using as a basis the exceptions to the decree of Judge Aldrich on appeal to this court and especially that Judge Aldrich had not set out the facts, and that he had not passed upon all of the issues involved. This motion was refused, his honor holding that as to the want of exceptions, he could not review the decision of Judge Aldrich as to the errors alleged therein, and that there was no sufficient ground for a new trial as to the others; and, holding that all of the issues involved had been disposed of by Judge Aldrich, he proceeded to decree a foreclosure, and the plaintiff in open court having consented to the dower of the widow, he allowed this claim, to be first set off, or paid in the event it could not be set off, the remaining proceeds of the sale to be applied to the costs of the plaintiff and minor defendants, then to the payment of plaintiff's claim $989.82, then the surplus, if any, to be deposited with the clerk subject to the order of the court, and to be "held until the adjustment of the rights of the defendants among themselves, and also of any lienors who may come in under rule 54 of the Circuit Court, and that any of the defendants should have leave to apply immediately for an order directing such adjustment."

From this decree the defendants appealed upon several exceptions, suggesting as error that his honor had failed to state correctly the issues raised in the case by the answers of the minor and adult defendants, and especially as to the widow's claim for dower and her rights as a judgment and mortgage creditor of the estate, said defendants contending that these claims were denied by them, and therefore should have been adjudicated.

The case is complicated and not very clearly set out in the prepared "Case," but the above statement embodies the facts as we have been able to ascertain them; sufficiently so, we hope, to make the opinion intelligible.

Now, as to the decree of his honor, Judge Aldrich. We think that his honor was correct in holding the note void because of the

alterations mentioned. These alterations were material, especially as to the increased interest, ten per cent. to be paid annually being inserted in the body of the note, when the original bore only 7 per cent. (*Vaughan* v. *Fowler*, 14 *S. C.*, 355); but we concur with his honor that this alteration of the note did not avoid the mortgage, and that notwithstanding such alteration said mortgage could still be enforced. We think the principle laid down in *Gillett* v. *Powell, Speer Eq.*, 144; *Plyler* v. *Elliott*, 19 *S. C.*, 263; and *Smith* v. *Smith*, 27 *Id.*, 166, sustains this view. Nor did the signing of the name of Mrs. Blake at the bottom of the mortgage with the name of the witness thereto, affect the mortgage, as in our opinion this was no material alteration of the mortgage itself. It was not in the body of the mortgage, nor did it in any way purport to add to or change the obligation of the mortgagor or the rights of the mortgagee.

We think his honor erred in denying dower to the widow, but this error seems to have been entirely cured in the decree of Judge Norton when the dower was allowed by consent of the plaintiff made in open court. And the defendants having made the denial by Judge Aldrich one of the grounds of appeal therefrom, and the dower having been allowed by Judge Norton, we cannot see what the defendants have to complain of, in regard thereto, now. We think his honor erred in overruling the defendants' claim for the credit of the $200 mentioned. The wife of D. R. S. Blake, the payee of the note, testified that said credit entered thereon was in the handwriting of her husband, and a son of the debtor testified that said D. R. S. Blake entered said credit in his presence, after examining the receipt showing the payment which he said was all right. And although the credit is entered on the note as of June 17, 1877, some time before the note was given, yet being in the handwriting of the creditor as testified to by his widow, this was an acknowledgment that in estimating the amount due at the time of the execution of the note, which was made up of several matters, this amount was overlooked. This error, however, may be remedied, as will be seen below, without the necessity of a new trial.

We do not think that the answers of the defendants raised any issue with the plaintiff as to the claim of Mrs. F. J. B. Blake to

have her payments on the note declared a purchase *pro tanto*, nor as to her right to set up the Culp judgment and Whitesides & Marion mortgage paid out of the proceeds of the land. These were matters with which the plaintiff had no concern, and there was no reason why he should contest them, nor why he should be delayed thereby in enforcing his mortgage. Mrs. Blake did raise an issue with the plaintiff as to the priority of the Culp judgment over his mortgage, but there was no testimony offered on that point, and therefore no decree thereon demanded. It is contended, however, that as to these matters claimed by the widow, the other defendants were interested. This may be so, but they were not raised distinctly in their answers, nor as far as we can see was Judge Aldrich called upon to adjudicate the opposing rights of the defendants. If, however, there was error here, that has been cured by the decree of Judge Norton, who directs the proceeds of sale after payment of the dower and certain costs to be deposited with the clerk with the right of the defendants, any or all, to take steps to have whatever rights they may have with reference to each other fully adjudged before the money is distributed.

We see no necessity, therefore, that either of the decrees should be reversed in full and the case be remanded for a trial *de novo*. The only error which demands correction is the rejection of the credit of the $200 on the debt, and this can be remedied by a modification of the decree of Judge Norton, in so far as to allow this credit, with interest thereon from November 19, 1877, to the report of the referee, June 17, 1887, which would amount to $334.82, which deducted from $989.82, plaintiff's debt as allowed by the referee and the decree, would leave $655.

It is the judgment of this court, that the decree of Judge Norton below be modified as above, reducing plaintiff's demand to the sum of $655, and that in all other respects it be affirmed, and that for the reasons given hereinabove the decree of Judge Aldrich be reversed and affirmed, *pro forma*, in the particulars mentioned.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER. I concur in this opinion except in one

respect. Mrs. Fannie Blake, by her answer, raised an issue with the plaintiff as to her right of priority, as assignee of the Culp judgment, over the mortgage to plaintiff's intestate; and although it may be difficult to understand how she can expect to establish such priority in view of the fact that the mortgage was executed on January 24, 1878, and the Culp judgment does not appear to have been entered until June 18, 1878, yet it seems to me that she has a right to have such issue passed upon, which has not been done. Mrs. Blake claims no priority as assignee for such portions of the mortgage debt as she purchased after the death of her husband, for the reason probably that, as testified to by her son, she bought "subordinate to the right of D. R. S. Blake for any balance that might be due him on the note," and as Judge Norton, in his decree, makes provision for the adjustment of any claim which Mrs. Blake may have to the proceeds of the sale, after satisfying plaintiff's mortgage, as well as any claim which she may have as assignee of the junior mortgage to Whitesides & Marion, I see no objection to his decree in this respect.